JL

WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Benjamin Freeman,

             Plaintiff,

v.

NaphCare, et al.,

             Defendants.

No.    CV-26-00089-PHX-JAT (JZB)

**ORDER**

### I.  Procedural History

On November 7, 2025, Plaintiff Benjamin Freeman, who is confined in the Arizona State Prison Complex-Yuma, filed a Complaint (Doc. 1-1 at 12-22) in the Superior Court of Yuma County, Arizona, against NaphCare, Director of Nursing Marcella Meza, Nurse Sotelo, Physician's Assistant Smalley, and Psychologist Claudia Vega.  On January 7, 2026, Defendant Sotelo filed a Notice of Removal and removed the case to this Court.

### II.  Remand

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id.*  Limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The Court is obligated to determine whether it has subject matter jurisdiction.  *See Valdez v. Allstate*

1    *Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any time

2    before final judgment it appears that the district court lacks subject matter jurisdiction, the

3    case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

4    that it lacks  subject-matter  jurisdiction, the court must dismiss the action.").

5        "The removal statute is strictly construed **against** removal jurisdiction." *California*

6    *ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (emphasis added).  The

7    party invoking the statute bears the burden of establishing federal jurisdiction. *Id.*  "Federal

8    jurisdiction must be rejected if there is any doubt as to the right of removal in the first

9    instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

10       Federal courts "have original jurisdiction of all civil actions arising under the

11   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or

12   absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

13   which provides that federal jurisdiction exists only when a federal question is presented on

14   the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482

15   U.S. 386, 392 (1987); *see California ex rel. Lockyer*, 375 F.3d at 838.

16       Defendant Sotelo asserts that the Court has federal question jurisdiction because

17   Plaintiff brings his claims, "at least in part, based on his allegation that Defendant(s)

18   'retaliated against [him] for filing grievances, lawsuits in the practice of his 1st Amendment

19   Rights.'"  However, Plaintiff cited only the Arizona Constitution, Arizona statutes

20   regarding individuals with disabilities, "dereliction," "breach of contract," and "retaliation"

21   as the applicable law supporting his claims.  The plaintiff is the master of his claims and

22   "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S.

23   at 392.  A plaintiff, therefore, may choose to have a case heard in state court "by eschewing

24   claims based on federal law." *Id.* at 399.  *See also California ex rel. Lockyer*, 375 F.3d at

25   838-39.  Even if some of Plaintiff's allegations may be *consistent* with federal causes of

26   action, Plaintiff has explicitly designated his claims as arising solely under state law.  As

27   such, Defendant has failed to demonstrate that this Court has federal question jurisdiction

28

over Plaintiff's Complaint. The Court will remand this case to Yuma County Superior Court.

**IT IS ORDERED:**

    (1)    This matter is **remanded** to the Superior of Yuma County, Arizona.

    (2)    The Clerk of Court must mail a **certified copy** of this Order to:

> Lynn Fazz
> Clerk of Court
> Yuma County Superior Court
> 250 W. 2nd Street
> Yuma, AZ 85364

    (3)    The Clerk of Court **must close** this federal case.

Dated this 9th day of February, 2026.

James A. Teilborg
Senior United States District Judge